IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KELLY ISHAM                                                                                           PLAINTIFF

v.                                    Case No. 2:14-cv-2018

BOONEVILLE COMMUNITY HOSPITAL; and
SAHIBZADA AZIZUDDIN AHMED, M.D.                                                    DEFENDANTS

**OPINION AND ORDER**

On July 6, 2015, this matter came on for trial to a duly selected jury consisting of eight members, the undersigned presiding. At the completion of Plaintiff's presentation of evidence, both Defendants moved for judgment as a matter of law as to all of Plaintiff's claims. For the reasons stated on the record, and as set forth below, the motions were granted.

"Judgment as a matter of law is appropriate '[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *Linden v. CNH America, LLC*, 673 F.3d 829, 834 (8th Cir. 2012) (quoting Fed. R. Civ. P. 50(a)(1)). In deciding a Rule 50 motion for judgment as a matter of law, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. (internal quotation omitted).

The remaining defendants in this case filed motions for summary judgment prior to trial of this matter, based in part on the argument that Plaintiff could not present suitable expert testimony on proximate cause in this case. (Doc. 129, ¶ 2; adopted by Defendant Ahmed Doc. 140). The Court denied summary judgment, declining to exclude the testimony of Plaintiff's proffered expert on causation—Dr. Whiteside. On the business day before trial, however, Plaintiff's counsel informed the Court and defense counsel for the first time that Dr. Whiteside

would not be present to testify at trial. The Court denied a motion by Plaintiff to present Dr. Whiteside's testimony via deposition. In their response to that motion, Defendants renewed their argument that this case should be dismissed due to lack of expert testimony on proximate cause. (Doc. 193). The Court, however, gave Plaintiff the opportunity to present her case. Plaintiff's counsel indicated that he might seek causation testimony through the testimony of one of Plaintiff's treating physicians—Dr. Sean Champion—who the Court had previously ruled could testify as an expert in this case *if* he wanted to "assume the risk of breaching [a] settlement agreement with BCH," which limited the extent to which Champion could provide testimony, documents, or further support litigation against BCH on behalf of himself or third parties. (Doc. 92). At the time that order was entered the Court found that Champion's factual testimony could implicated his expertise, but only as it related to his role as one of Plaintiff's treating physicians. *Id*. This finding was premised on all other requirements of the Federal Rules of Civil Procedure being met for presenting expert testimony. Champion, however, never disclosed any causation opinion in a written report[1] and, when deposed, indicated he would not testify as to causation at trial, giving defense counsel no opportunity to test his theories by cross-examination. For those reasons, the Court ruled during trial that Champion would not be allowed to give expert

---

[1] While the Court recognizes that there is a split of authority as to whether treating physicians must provide an expert report on issues of causation, the Court finds that the circumstances of this case weigh in favor of finding that a report would be required, as the history of the case indicates that Champion was at one point retained for purposes of giving his expert opinion in the controversy between these parties and later made the decision that he would not provide expert testimony, and causation of the Plaintiff's injuries in this case is not obviously linked or intertwined with Champion's later treatment of her. *Kirkham v. Societe Air France*, 236 F.R.D. 9, 12 (D.D.C. 2006) (collecting cases and noting split of authority as to whether treating physicians must provide an expert report on issues of causation, permanency, and prognosis, but noting consensus that whether an expert was "retained or specially employed" in connection with the litigation must be considered); *Sowell v. Burlington Northern and Santa Fe Ry. Co.*, 2004 WL 2812090 at *4 (N.D. Ill. Dec. 7, 2004) (collecting cases and concluding that "the requirement of a report for opinions on causation, permanency, and prognosis is the better approach").

testimony as to causation, even if he were otherwise willing to risk violating his settlement agreement with BCH. While the Court allowed Plaintiff to proceed with presentation of her case, Plaintiff ultimately failed to present the required expert testimony on causation.

Under Arkansas law, expert witness testimony is required to prove that any negligence of Defendants was a proximate cause of Plaintiff's injuries, as Plaintiff in this case alleged medical injuries based on a theory that involved complex determinations of medical issues that would not and could not be commonly understood by a lay person. *Fryar v. Touchstone Phys. Therapy, Inc.*, 365 Ark. 295 (2006) (finding expert testimony necessary where any alleged connection between a course of treatment and plaintiff's injuries "would not be a matter of common knowledge or understanding"); *Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002) ("When an injury is sophisticated, proof of causation generally must be established by expert testimony."). This case presented issues of whether an antibiotic prescribed by former Defendant Nurse Terri Jones masked symptoms of a larger underlying medical issue, osteomyelitis,[2] such that Plaintiff suffered injuries she would not have otherwise suffered but for that prescription and/or but for the delay in seeking help from a doctor caused by any alleged masking of symptoms. No expert testified to any reasonable degree of medical certainty that Plaintiff's osteomyelitis symptoms were masked by the clindamycin[3] prescription. Even had there been such testimony, no expert testified to any reasonable degree of medical certainty that Plaintiff's osteomyelitis or other medical injury were proximately caused by a delay in seeking medical care due to a masking of symptoms by the clindamycin. Ultimately, no expert testified to any reasonable degree of

---

[2] Osteomyelitis is an infection in a bone. http://www.mayoclinic.org/diseases-conditions/osteomyelitis/basics/definition/con-20025518.

[3] Clindamycin is the generic name for a drug used to treat bacterial infections. http://www.mayoclinic.org/drugs-supplements/clindamycin-oral-route/description/drg-20110243.

medical certainty that Plaintiff's injuries were proximately caused by either BCH's negligence in failing to supervise Nurse Terri Jones[4] or by Dr. Ahmed's negligence in allegedly allowing Nurse Jones to fill prescriptions under his authority.  No expert testimony sufficiently linked the alleged negligence of Defendants to Plaintiff's injuries.  Judgment as a matter of law is, therefore, appropriate, as the Court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for Plaintiff on the issue of whether Defendants' alleged negligence proximately caused Plaintiff's injuries.

　　Judgment will be entered accordingly.

　　IT IS SO ORDERED this 8th day of July, 2015.

　　　　　　　　　　　　　　　　　　　　/s/ P. K. Holmes, III
　　　　　　　　　　　　　　　　　　　　P.K. HOLMES, III
　　　　　　　　　　　　　　　　　　　　CHIEF U.S. DISTRICT JUDGE

---

[4] "As with any other negligence claim, a plaintiff must show that the employer's negligent supervision . . . of the employee was a proximate cause of the injury and that the harm to third parties was foreseeable." *Saine v. Comcast Cablevision of Ark., Inc.*, 354 Ark. 492. 497 (2003).